■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADJARI REID, Appellant. [748 NYS2d 20] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 16, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 13 years, seven years, and 3½ to 7 years, unanimously affirmed.

Since defendant's objections to the prosecutor's impeachment of his own witness by prior contradictory statements were made on different grounds from those raised on appeal, his claim that the witness's testimony did not meet the statutory requirement of tending to disprove the People's case (*see* CPL 60.35 [1]; *People v Fitzpatrick*, 40 NY2d 44) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim we would find that, under the circumstances, the witness's testimony was not merely unhelpful, but affirmatively damaged the People's case by tending to prove that defendant, the witness's friend, could not have been the assailant (*see People v Garraway*, 284 AD2d 262, *lv denied* 97 NY2d 656). In any event, were we to find any error in the prosecutor's impeachment of this witness, or in any of defendant's related appellate claims, we would find the error to be harmless in view of the overwhelming evidence establishing defendant's identity and the court's thorough and repeated instructions that the prior inconsistent statements could only be considered for impeachment purposes.

Evidence that the particular pistol used in the crime had been purchased by a person whose sister lived in a building adjacent to defendant's residence tended to link defendant to the crime, and its alleged remoteness went to its weight and not its admissibility (*see People v Mirenda*, 23 NY2d 439, 452-454). A Bureau of Alcohol, Tobacco and Firearms (ATF) form establishing the purchase of the pistol was properly authenticated as a business record through the testimony of an ATF agent who was familiar with such forms (*see People v Cratsley*, 86 NY2d 81, 88-91). Any error in the admission of hearsay testimony concerning the residence of the purchaser's sister was harmless in view of the overwhelming evidence of defendant's guilt and the peripheral nature of the testimony.

We have considered and rejected defendant's remaining

claims, including those contained in his pro se supplemental brief. Concur—Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.