██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT G. GREEN, Appellant. [849 NYS2d 826]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered February 23, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated assault upon a police officer or a peace officer (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11). Defendant failed to preserve for our review his contention that he was denied his right to counsel at his arraignment (*see* CPL 470.05 [2]). In any event, any error in that respect does not require reversal even assuming, arguendo, that it survives defendant's guilty plea (*see generally People v Hansen*, 95 NY2d 227, 230-232 [2000]). The record establishes that defendant was arraigned while hospitalized after his arrest, and he was not represented by counsel at that time. County Court entered a plea of not guilty to the indictment on defendant's behalf and stated on the record that it would appoint counsel on defendant's behalf and arrange for defense counsel to speak with defendant's family. "[D]efendant [thus] lost no rights and suffered no prejudice whatever because of his counsel's absence at the time of his . . . initial arraignment [because] whatever counsel could have done then on defendant's behalf, counsel was free to do thereafter" (*People v Combs*, 19 AD2d 639, 639 [1963]). Also contrary to the contentions of defendant, there is no requirement that he personally recite the facts underlying the crime to which he was pleading guilty (*see People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.