The People of the State of New York, Respondent, v Burnie E. Daniels, Appellant. [904 NYS2d 859]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered July 13, 2009. The judgment convicted defendant, upon a nonjury verdict, of criminal mischief in the fourth degree, petit larceny and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the amount of restitution ordered to $129.06 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), petit larceny (§ 155.25) and possession of burglar's tools (§ 140.35). We reject the contention of defendant that County Court erred in refusing to suppress his statement to the police on the ground that he was in custody when he made the statement and had not received *Miranda* warnings. "As the court properly determined, a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required" (*People v Lunderman*, 19 AD3d 1067, 1068 [2005], *lv denied* 5 NY3d 830 [2005]; *see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Based on the totality of the circumstances, we also reject the contention of defendant that his consent to the search of his vehicle was involuntary (*see People v Hyla*, 291 AD2d 928 [2002], *lv denied* 98 NY2d 652 [2002]; *People v Caldwell*, 221 AD2d 972 [1995], *lv denied* 87 NY2d 920 [1996]; *see generally People v Gonzalez*, 39 NY2d 122, 128 [1976]). In addition, even assuming, arguendo, that the People failed to comply with Penal Law § 450.10 by erroneously informing defendant that the stolen coin boxes had been returned to their owner and thus were no longer in their possession to enable defendant to examine them, we cannot agree with defendant that the court should have refused to admit the coin boxes in evidence as a sanction based on that failure (*see generally People v Johnson*, 262 AD2d 1004, 1005 [1999], *lv denied* 93 NY2d 1020 [1999]). There is no indica-

tion in the record that defendant actually sought to inspect the coin boxes, despite the fact that the court provided defendant with an opportunity to do so.

Defendant waived his challenge to the legal sufficiency of the evidence supporting his conviction of criminal mischief in the fourth degree inasmuch as he asked the court to charge that crime as a lesser included offense of criminal mischief in the third degree (Penal Law § 145.05 [2]), and he ultimately was convicted of the lesser included offense (*see People v McDuffie*, 46 AD3d 1385, 1386 [2007], *lv denied* 10 NY3d 867 [2008]). "Defendant ought not be allowed to take the benefit of the favorable charge and complain about it on appeal" (*id.* [internal quotation marks omitted]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of petit larceny (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we reject the additional contention of defendant that the conviction of possession of burglar's tools is not supported by legally sufficient evidence. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Pichardo*, 34 AD3d 1223, 1224 [2006], quoting *People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001] [internal quotation marks omitted]). Here, the evidence presented at trial could lead a rational person to the conclusion reached by the court with respect to defendant's possession of burglar's tools, i.e., that defendant possessed the hammer and crowbar seized from his van under circumstances evincing an intent to use them in the commission of a forcible taking (*see People v Borrero*, 26 NY2d 430, 434 [1970]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the court erred in ordering him to pay restitution in the amount of $258.12. That award was based on evidence that two coin machines sustained damage that required an equal amount of repair at a collective cost of $258.12. The crimes of which defendant was convicted involved damage to only one of those coin boxes, and we thus modify the judgment by reducing the amount of restitution

ordered accordingly. Defendant failed to preserve for our review his further contentions that the court erred in ordering him to pay restitution to a person who was not a victim of the crimes (*see* Penal Law § 60.27 [4] [b]; *People v Horne*, 97 NY2d 404, 414 n 3 [2002]), and that the court erred in considering uncharged crimes in sentencing him (*see* CPL 470.05 [2]; *People v Brown*, 38 AD3d 676 [2007], *lv denied* 9 NY3d 840 [2007]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Green, JJ.