# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**972**

**KA 08-02134**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALEXANDER R. WEAKFALL, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered September 15, 2008. The judgment convicted defendant, upon a nonjury verdict, of burglary in the third degree, petit larceny and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of burglary in the third degree (Penal Law § 140.20), petit larceny (§ 155.25), and criminal mischief in the fourth degree (§ 145.00 [1]). Even assuming, arguendo, that defendant's motion for a trial order of dismissal at the close of the People's proof was specifically directed at the alleged legal insufficiency of the evidence to support the conviction raised by defendant on appeal (*see People v Gray*, 86 NY2d 10, 19), we conclude that defendant failed to renew that motion after presenting evidence and therefore failed to preserve for our review his present contention that the conviction is not supported by legally sufficient evidence (*see People v Lane*, 7 NY3d 888, 889; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*Hines*, 97 NY2d at 62; *see People v Daniels*, 75 AD3d 1169, *lv denied* 15 NY3d 892). Here, the circumstantial evidence, including the track of footprints in the fresh snow leading from the scene of the crime to the location where defendant was arrested and his exclusive possession of copper pipe taken in the course of the burglary, provides legally sufficient evidence to support the

conviction (*see People v Session*, 48 AD3d 1067, *lv denied* 10 NY3d 816; *see generally People v Baskerville*, 60 NY2d 374, 382). Furthermore, although a different result would not have been unreasonable (*see generally People v Bleakley*, 69 NY2d 490, 495), we conclude upon viewing the evidence in light of the elements of the crimes in this nonjury trial that it cannot be said that County Court failed to give the evidence the weight it should be accorded (*see generally People v Danielson*, 9 NY3d 342, 349; *Bleakley*, 69 NY2d at 495).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court