# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1290**

**KA 08-00031**

PRESENT: SMITH, J.P., LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JASON BROOKS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

JASON BROOKS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered September 27, 2007. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing.

Memorandum: In appeal No. 1, defendant appeals from a judgment that revoked the sentence of probation imposed upon his previous conviction of robbery in the third degree (Penal Law § 160.05), for which he was sentenced to an indeterminate term of imprisonment. In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (§ 120.10 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), for which he was sentenced to a determinate term of incarceration plus a period of postrelease supervision. In both appeals, defendant contends in his main brief that he was denied effective assistance of counsel based on a conflict of interest allegedly arising from defense counsel's simultaneous representation of defendant and a prosecution witness against him. We conclude that, on this record, defendant "has not sustained his burden of establishing ineffectiveness, but that he is not precluded from raising this issue in a CPL article 440 proceeding that would permit further factual development of the circumstances pertaining to the claimed conflict" (*People v Sanchez*, 21 NY3d 216, 220; *see People v Jackson*, 108 AD3d 1079, 1079, *lv denied* 22 NY3d 997; *People v Pagan*, 12 AD3d 1143, 1144, *lv denied* 4 NY3d 766). Furthermore, we reject defendant's contention in both appeals, raised

in his pro se supplemental brief, that Supreme Court erred in refusing to assign new counsel on his motion to withdraw his plea.  Contrary to defendant's contention, the record establishes that defense counsel did not take a position that was adverse to defendant's motion or become a witness against defendant (*see People v Rossborough*, 105 AD3d 1332, 1333, *lv denied* 21 NY3d 1045; *People v Strasser*, 83 AD3d 1411, 1411-1412; *People v Dickerson*, 66 AD3d 1371, 1372, *lv denied* 13 NY3d 859).

Defendant further contends that the certificate of conviction in appeal No. 1 should be amended to reflect that his sentence on the violation of probation is to run concurrently with, rather than consecutively to, the sentence imposed upon the conviction in appeal No. 2.  We note, however, that there is a discrepancy between the sentencing minutes and the certificate of conviction in appeal No. 1, and we conclude that such discrepancy requires vacatur of the sentences imposed in both appeals.  Although the sentencing minutes are silent with respect to whether the sentence in appeal No. 1 is to run consecutively to the sentence in appeal No. 2, the certificate of conviction in appeal No. 1 states that the sentences are to be served consecutively.  Where the record is silent on the consecutive or concurrent nature of the sentences, such sentences are deemed to run concurrently by operation of law (*see* Penal Law § 70.25 [1] [a]).  We note, however, that the court indicated numerous times during the sentencing proceeding that it intended to order the sentences to run consecutively in accordance with the plea agreement.  Consequently, "[i]nasmuch as the record leaves open the possibility that the court's failure to specify at sentencing that those sentences are to run consecutively was accidental (*cf. People v Vasquez*, 88 NY2d 561, 580-581 [1996])" (*People v Bradford*, 118 AD3d 1254, 1257), we modify the judgment by vacating the sentences imposed in both appeals, and we remit the matter to Supreme Court for resentencing (*see People v Jacobson*, 60 AD3d 1326, 1329, *lv denied* 12 NY3d 916; *People v Sinkler*, 288 AD2d 844, 845, *lv denied* 97 NY2d 761).

By pleading guilty, defendant forfeited his contention in appeal No. 2 that the absence of counsel at his arraignment requires reversal of his conviction (*see People v Green*, 48 AD3d 1056, 1057, *lv denied* 10 NY3d 934).  In any event, even assuming, arguendo, that the absence of counsel at the arraignment could be raised after a plea, we conclude that any error does not require reversal inasmuch as defendant was not prejudiced by the absence of counsel at the arraignment (*see Green*, 48 AD3d at 1057; *People v Young*, 35 AD3d 958, 960, *lv denied* 8 NY3d 929; *People v Witherspoon*, 253 AD2d 502, 502-503, *lv denied* 92 NY2d 1041).

Defendant failed to preserve for our review his contention in appeal No. 2 that he was not aware that the sentence would include a period of postrelease supervision and, thus, that he was deprived of due process by the imposition thereof.  It is well settled that a "defendant cannot be expected to object to a constitutional deprivation of which [he] is unaware . . . And, in that circumstance, the failure to seek to withdraw the plea or to vacate the judgment does not preclude appellate review of the due process claim" (*People v*

*Turner*, 24 NY3d 254, 258).  Here, however, defense counsel stated at the time of the plea that the sentence promise included a period of postrelease supervision, the court reiterated that part of the sentence promise on two other court dates prior to sentencing, the prosecutor restated it on a third date, and defendant noted his awareness of that condition of the plea during argument of his motion to withdraw his plea, which was not based on the imposition of postrelease supervision that defendant now challenges.  Thus, although a defendant need not preserve a challenge to the imposition of postrelease supervision during the sentencing proceeding if he or she was not made aware of that part of the sentence before its imposition (*see People v Louree*, 8 NY3d 541, 546), "here defendant was advised of what the sentence would be, including its [postrelease supervision] term, [on at least three appearances prior to] the sentencing proceeding[, and he personally noted his awareness of that condition]. Because defendant could have sought relief from the sentencing court in advance of the sentence's imposition, *Louree*'s rationale for dispensing with the preservation requirement is not presently applicable" (*People v Murray*, 15 NY3d 725, 727).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice.

Entered: February 6, 2015                          Frances E. Cafarell
                                                   Clerk of the Court