THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE J. ROBERITES, Appellant. [60 NYS3d 879]—

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), dated January 27, 2015. The order imposed restitution.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order of restitution arising from a judgment convicting him upon his plea of guilty of attempted arson in the third degree (Penal Law §§ 110.00, 150.10). Initially, we note that, "[a]s a general rule, a defendant may not appeal as of right from a restitution order in a criminal case . . . Here, however, [County C]ourt bifurcated the sentencing proceeding by severing the issue of restitution for a separate hearing" (*People v Brusie*, 70 AD3d 1395, 1396 [2010]). We therefore "view the appealed-from restitution order as an appealable amendment to the judgment of conviction," thereby obviating the need for defendant to seek leave to appeal from the instant restitution order (*People v Russo*, 68 AD3d 1437, 1437 n 2 [2009]).

Contrary to defendant's contention, however, we conclude that the court properly ordered restitution "in an amount sufficient to compensate the victims for their 'actual out-of-pocket loss' caused by defendant's criminal conduct" (*People v Rivera*, 70 AD3d 1484, 1485 [2010], *lv denied* 15 NY3d 756 [2010], quoting Penal Law § 60.27 [1]; *see generally People v Horne*, 97 NY2d 404, 412 [2002]). Defendant failed to preserve for our review his further contention that the court erred in ordering him to pay restitution to an entity that was not a victim of the crime (*see* § 60.27 [4] [b]; *People v Daniels*, 75 AD3d 1169, 1171 [2010], *lv denied* 15 NY3d 892 [2010]; *see generally Horne*, 97 NY2d at 414 n 3). In any event, the insurance company and the adjuster that investigated defendant's claim were victims within the meaning of the statute (*see e.g. People v Pagan*, 87 AD3d 1181, 1181 [2011], *lv denied* 18 NY3d 885 [2012]; *People v McLean*, 71 AD3d 1500, 1501 [2010], *lv denied* 14 NY3d 890 [2010]).

Defendant's contention that the court erred in admitting hearsay evidence at the restitution hearing is without merit. It is well settled that "[a]ny relevant evidence, not legally privileged, may be received [at such a hearing] regardless of its admissibility under the exclusionary rules of evidence" (CPL 400.30 [4]; *see* Penal Law § 60.27 [2]; *People v Francis L.M.*, 278 AD2d 919, 919 [2000], *lv denied* 97 NY2d 754 [2002]). Defendant failed to preserve for our review his further contention that the court erred in failing to consider his inability to make the restitution payments (*see People v Pugliese*, 113 AD3d 1112, 1112 [2014], *lv denied* 23 NY3d 1066 [2014]; *People v Shortell*, 30 AD3d 837, 838 [2006]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.