People v Burks (2018 NY Slip Op 05374)





People v Burks


2018 NY Slip Op 05374


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
MATTHIEU A. BURKS, Appellant.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered December 9, 2014, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted criminal sale of a controlled substance in the third degree. He pleaded guilty to this crime and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 3½ years in prison to be followed by 1½ years of postrelease supervision. Defendant now appeals.
Initially, defendant's challenges to the voluntariness and factual sufficiency of his guilty plea have not been preserved for our review, as the record does not disclose that he made an appropriate postallocution motion (see People v Muller, 159 AD3d 1232, 1233 [2018]; People v Bailey, 158 AD3d 948, 948 [2018]). For the same reason, his claim of ineffective assistance of counsel — to the extent that it impacts the voluntariness of his plea — is also unpreserved (see People v Gause, 159 AD3d 1277, 1277 [2018]; People v Muller, 159 AD3d at 1233)[FN1]. With regard to these contentions, we find that the narrow exception to the preservation rule is inapplicable, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his guilty plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Muller, 159 AD3d at 1233). Defendant's further assertion that he was improperly arraigned without counsel present, in violation of CPL 180.10 (3), is also [*2]unpreserved given his failure to raise it before County Court (see CPL 470.05 [2]; People v Green, 48 AD3d 1056, 1057 [2008], lv denied 10 NY3d 934 [2008]; see also People v Luckerson, 135 AD3d 1186, 1187 [2016]).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The balance of defendant's claims with regard to the alleged ineffectiveness of counsel concern matters outside the record and are more properly addressed in a CPL article 440 motion (see People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied ___ NY3d ___ [June 20, 2018]).