People v Settles (2021 NY Slip Op 01629)





People v Settles


2021 NY Slip Op 01629


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


824 KA 19-00034

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRICK J. SETTLES, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, DAVISON LAW OFFICE PLLC (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered October 18, 2017. The judgment convicted defendant upon a jury verdict of assault in the first degree (two counts), assault in the second degree (two counts), burglary in the first degree (four counts) and robbery in the first degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on the conviction of assault in the second degree under count three of the indictment, and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Ontario County, for resentencing on that count.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [4]), two counts of assault in the second degree (§ 120.05 [2], [6]), four counts of burglary in the first degree (§ 140.30 [1], [2], [3], [4]), and four counts of robbery in the first degree (§ 160.15 [1], [2], [3], [4]). The conviction arises from a home invasion robbery by two perpetrators during which one victim was struck in the head with the end of a shotgun and another victim was shot in the abdomen, rendering him paraplegic.
Defendant contends that Supreme Court committed reversible error by permitting the People to impeach one of their own witnesses with her prior inconsistent grand jury testimony because the witness's trial testimony did not affirmatively damage the People's case (see generally CPL 60.35 [1]; People v Saez, 69 NY2d 802, 804 [1987]; People v Fitzpatrick, 40 NY2d 44, 50-51 [1976]). Defendant failed to preserve that contention for our review, however, because he did not object to the prosecutor's line of questioning impeaching the witness (see CPL 470.05 [2]; People v Acevedo, 136 AD3d 1386, 1387 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]). Indeed, defendant's sole objection to the prosecutor's questioning was on a ground different than that raised on appeal (see People v Roberts, 75 AD3d 564, 565 [2d Dept 2010], lv denied 15 NY3d 895 [2010]; People v Reid, 298 AD2d 191, 191 [1st Dept 2002], lv denied 99 NY2d 563 [2002]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's related contention that he was denied effective assistance of counsel when defense counsel did not object to the prosecutor's questioning of the witness on the ground now raised on appeal. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]), and that is not the case here (see People v Tendilla-Fuentes, 157 AD3d 721, 723 [2d Dept 2018], lv denied 31 NY3d 1122 [2018]). Moreover, defendant has not demonstrated "the absence of strategic or other legitimate explanations for [defense] counsel's alleged shortcoming[]" (People v Benevento, 91 NY2d 708, [*2]712 [1998] [internal quotation marks omitted]; see People v Young, 134 AD2d 639, 639 [2d Dept 1987], lv denied 71 NY2d 904 [1988]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to his identity as one of the perpetrators (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Clark, 142 AD3d 1339, 1341 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; see generally Bleakley, 69 NY2d at 495).
Defendant challenges the restitution imposed as part of his sentence on the ground that the court did not direct such restitution to an appropriate person or entity (see Penal Law § 60.27 [4] [b]). Defendant did not object, but rather consented, to the imposition of restitution in favor of the recipient and, therefore, he failed to preserve for our review his challenge to the restitution award (see People v Mothersell, 167 AD3d 1580, 1581 [4th Dept 2018]; People v Graves, 163 AD3d 16, 24 [4th Dept 2018], lv denied 35 NY3d 970 [2020]). Contrary to defendant's contention, the restitution award does not implicate the illegal sentence exception to the preservation rule under the circumstances of this case (see Graves, 163 AD3d at 24-25). It is well established that the "expansive definition of the term 'victim' " (People v Horne, 97 NY2d 404, 412 [2002]) to whom restitution may be ordered includes "the representative of a crime victim" (§ 60.27 [4] [b]), i.e., "one who represents or stands in the place of another person, including but not limited to an agent [or] . . . a guardian" (Executive Law § 621 [6] [emphasis added]). Here, defendant's "failure to object below means that the People were never called upon to show that restitution was being directed to a proper recipient in this instance" (Graves, 163 AD3d at 25). We thus conclude that defendant's challenge to the restitution award "depends on the resolution of at least one evidentiary dispute, and it therefore does not implicate the illegal sentence exception to the preservation rule" (id.; accord People v Roberites, 153 AD3d 1650, 1651 [4th Dept 2017], lv denied 30 NY3d 1108 [2018], reconsideration denied 31 NY3d 986 [2018]; People v Daniels, 75 AD3d 1169, 1171 [4th Dept 2010], lv denied 15 NY3d 892 [2010]). We decline to exercise our power to review defendant's unpreserved challenge to the restitution award as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We note, however, that a discrepancy between the sentencing minutes and the certificate of conviction requires vacatur of the sentence imposed on the conviction of assault in the second degree under count three of the indictment. Although the sentencing minutes are silent with respect to whether the sentence imposed on count three is to run consecutively or concurrently to the sentence imposed on count one, the certificate of conviction indicates that the sentences are to be served consecutively. Where, as here, "the record is silent on the consecutive or concurrent nature of the sentences, such sentences are deemed to run concurrently by operation of law" (People v Brooks, 125 AD3d 1381, 1382 [4th Dept 2015]; see Penal Law § 70.25 [1] [a]). We note, however, that the court had just previously sentenced the codefendant, who was tried jointly with defendant, to a consecutive term on the subject count, and the restitution order signed by the court at sentencing also indicates that the sentence under count three was intended to be served consecutively to the sentence imposed on count one. Consequently, inasmuch as the record leaves open the possibility that the court's failure to specify at sentencing that those sentences are to run consecutively was accidental (cf. People v Vasquez, 88 NY2d 561, 580-581 [1996]), we modify the judgment by vacating the sentence imposed on the conviction of assault in the second degree under count three of the indictment, and we remit the matter to Supreme Court for resentencing on that count (see People v Delp, 156 AD3d 1450, 1451, 1453 [4th Dept 2017], lv denied 31 NY3d 983 [2018]; Brooks, 125 AD3d at 1382).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court