People v Gladney (2025 NY Slip Op 00751)

People v Gladney

2025 NY Slip Op 00751

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

74 KA 21-01509

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN T. GLADNEY, ALSO KNOWN AS JUSTIN GLADNEY, ALSO KNOWN AS JUSTIN T. GLADNEY, SR., DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered October 12, 2021. The judgment convicted defendant upon a jury verdict of rape in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the second degree (Penal Law former § 130.30 [1]) and endangering the welfare of a child (§ 260.10 [1]). We affirm.
Defendant contends that the verdict is against the weight of the evidence with respect to the count of rape in the second degree. Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]), and we see no basis for disturbing the jury's credibility determinations in this case (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that County Court erred in refusing to suppress statements that he made to a police detective on the ground that he was in custody at the time and had not been administered Miranda warnings. We reject that contention. As the court properly determined, " 'a reasonable person in defendant's position, innocent of any crime, would not have believed that [they were] in custody, and thus Miranda warnings were not required' " (People v Daniels, 75 AD3d 1169, 1169 [4th Dept 2010], lv denied 15 NY3d 892 [2010]; see People v Baez, 175 AD3d 982, 983 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]).
We reject defendant's contention that the period of postrelease supervision is unduly harsh and severe. We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court