THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA HOLMES, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant argues for the first time on appeal that her waiver of indictment was jurisdictionally defective because she was not properly "held * * * for the action of a grand jury" (CPL 195.10 [1] [a]) in compliance with the requirements of CPL 180.30 (1) and

180.70 (1). Defendant asserts that there is no proof that County Court ever received the appropriate papers required for the transfer of jurisdiction from the local criminal court to the superior court *(see,* CPL 180.30 [1]; 180.70 [1]). On the record before us, defendant has failed to prove that the requisite papers were not transmitted. Defendant also argues that, with respect to the Town of Sennett matter upon which her plea of guilty to burglary in the second degree was based, her waiver of her right to a preliminary hearing was invalid because it was made in the absence of counsel *(see, People v Hodge,* 53 NY2d 313, 319-320). Even if that argument were deemed preserved, we find that any error was harmless beyond a reasonable doubt because defendant has failed to demonstrate any prejudice resulting therefrom *(see, People v Wicks,* 76 NY2d 128, *rearg denied* 76 NY2d 773).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.