■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENEVIEVE GUSTKE, Appellant. [607 NYS2d 771] —Judgment unanimously affirmed. Memorandum: The trial court properly exercised its discretion in discharging a juror and replacing him with an alternate. The juror's wife, who had broken her arm, was unable to take their sick child to the hospital. At the court's request, the juror attempted to find someone to take the child, but was unsuccessful. The court then discharged the juror. Subsequently, the court informed defense counsel, who stated on the record that he had no objection to the replacement of that juror. Under the circumstances, the court was justified in discharging the juror without first consulting defendant or her counsel *(see,* CPL 270.35; *People v Page,* 72 NY2d 69, 73; *People v Garry,* 176 AD2d 145, *lv denied* 79 NY2d 827; *People v Karadimas,* 99 AD2d 652).

An accomplice charge was not requested by defendant and was not warranted. Defendant's trial strategy was not to prove complicity on the part of the employer, but to prove the affirmative defense in Penal Law § 175.15 that, without personal benefit, defendant merely executed his orders.

Defendant was convicted of grand larceny in the second degree (Penal Law § 155.40) and falsifying business records in the first degree (Penal Law § 175.10). Viewing the evidence in the light most favorable to the People *(People v Bleakley,* 69 NY2d 490, 495; *People v Ford,* 66 NY2d 428, 437), we conclude that the verdict is supported by legally sufficient evidence and is not against the weight of the evidence. The evidence established losses of almost $73,000. Defendant's employer testified that he had no knowledge of the losses and had never given defendant permission to cash checks made payable to Honda City, his automobile dealership. The proof showed that the losses occurred only when defendant was working, that she had control over the financial records, and that she was

observed by other employees cashing Honda City checks. Defendant admitted that she had falsified her employer's records, but testified that she had done so only at his request. The verdict reflects that, in assessing credibility, the jury discredited defendant's testimony and rejected her affirmative defense.

Because the record supports the court's conclusion regarding the total amount of money stolen by defendant, the court did not err in determining the amount of restitution without first conducting a hearing (see, Penal Law § 60.27; *People v Welsher*, 154 AD2d 915, *lv denied* 74 NY2d 952).

Defendant has not established that she was denied effective assistance of counsel. The record reveals that she received meaningful representation throughout the trial, and the fact that the jury chose not to credit defendant's version of events is not a reflection of ineffective assistance (see, *People v Satterfield*, 66 NY2d 796, 798; *People v Baldi*, 54 NY2d 137, 147).

Finally, defendant's sentence was neither harsh nor excessive. (Appeal from Judgment of Onondaga County Court, Auser, J.—Grand Larceny, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.