THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. MASSARO, Appellant. [821 NYS2d 347]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered April 15, 2003. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant was convicted for stealing a restored 10-inch metal lathe. Defendant contends that the value of the metal lathe was not established by the People beyond a reasonable doubt, and that the evidence is thus legally insufficient to support his conviction. We disagree. The People presented the testimony of the owner of the metal lathe, who was qualified by County Court as an expert for purposes of valuing the lathe, that it would cost him approximately $2,800 to replace the lathe and tooling. Such testimony was sufficient to establish the value of the metal lathe and thus the evidence is sufficient to support defendant's conviction of grand larceny in the fourth degree (see § 155.20 [1]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant did not dispute that he possessed the metal lathe and refused to return it. Although the theory on defense was that defendant was given the metal lathe by the owner, it was for the trier of fact to determine the credibility of the witnesses and it cannot be said that the verdict is against the weight of the evidence where the jury credited the testimony of the owner that defendant took the lathe without his permission (see generally People v Shaw, 277 AD2d 1052 [2000], lv denied 96 NY2d 806 [2001]).

Finally, even assuming, arguendo, that the postarrest statements of defendant to police were improperly admitted, as defendant contends and the People concede, we conclude that there is no reasonable possibility that the admission of those statements might have contributed to the conviction and thus, any error in their admission is harmless beyond a reasonable doubt (see People v Bastian, 294 AD2d 882, 884 [2002], lv denied 98 NY2d 694 [2002]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.