■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM R. YOUNG, Appellant. [825 NYS2d 831]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered September 1, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered September 13, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the course of a joint drug investigation involving the State

Police and the City of Binghamton Police Department, an undercover State Police investigator observed two men standing on the street. He gestured to them in an effort to purchase drugs and received an affirmative gesture back. After pulling over his vehicle, one of the men, later identified as defendant, approached and sold him $20 worth of cocaine. The undercover investigator then radioed a physical description of the seller to a surveillance team.

The transaction was observed by a senior State Police investigator, who then directed two Binghamton police investigators to approach the seller and simply ascertain his identity. When they approached defendant, he started running and was observed stuffing something into his mouth. When defendant was eventually apprehended, he was choking. A plastic bag containing 21 pieces of cocaine was removed from his mouth. Minutes later, the undercover investigator confirmed that defendant was the person who sold him the drugs. Upon being patted down, defendant was found to be in possession of over $850 in cash.

Defendant was arrested and ultimately indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Found guilty as charged by a jury, he was sentenced as a second felony offender to concurrent prison terms of 6 to 12 years. He now appeals from his conviction, as well as from the denial of a subsequent pro se CPL article 440 motion. The basis of his posttrial motion, which was denied without a hearing, was the denial of his right to counsel at a preindictment arraignment on a felony complaint. Finding no merit to any of defendant's contentions, we now affirm his conviction and the order denying his CPL article 440 motion.

Defendant contends that the verdict is against the weight of the evidence. In support of this argument, defendant finds it "troubling" that no marked money was used, that certain investigators did not make written notes and that no investigator could describe the "second suspect" (i.e., the other man seen on the street that afternoon who defendant surmises "may have been the actual drug dealer"). Defendant also attacks the veracity of the People's case against him by suggesting that it is implausible that a person can stuff 21 pieces of cocaine in his or her mouth.

As to the issue of identification, the undercover investigator who purchased the drugs testified that minutes after the sale, he was "[a]bsolutely positive" that defendant was the seller. He also identified defendant in court as being the seller. The jury

obviously credited this testimony over that of defendant's brother, who testified that defendant was with him that afternoon and did not sell anything during this time period. As to the failure to use marked money, each of the investigators involved in the operation testified that it was not intended to be a typical "buy and bust" operation wherein an arrest is made immediately following a drug transaction. Rather, the goal was to target street drug dealers, identify such targets and delay any arrests to permit continuation of the undercover operation. Defendant was arrested because he ran from police when approached and because he was seen shoving something into his mouth which, according to the unequivocal testimony of two investigators, was a bag filled with several pieces of cocaine. Viewing this evidence in a neutral light and deferring to the jury's credibility determinations, we reject defendant's argument that his convictions are against the weight of the evidence (see CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Otherwise stated, we conclude that the jury could properly find that, notwithstanding the purported "problems in the prosecution's case," defendant indeed sold cocaine to the undercover investigator that day and also possessed cocaine with an intent to sell it.

Defendant also argues that his convictions must be reversed because his attorney did not appear for a preindictment arraignment on the second of two separately-filed felony complaints charging him with the subject crimes.* As noted by the Court of Appeals, the remedy for a failure of this type "depends on what impact, if any, the tainted proceeding had on the case as a whole" (*People v Wardlaw*, 6 NY3d 556, 559 [2006]). Here, defendant merely argues that "there is no telling what may have happened to his prosecution" had he been represented by counsel at this second arraignment. Such speculation is wholly insufficient to demonstrate that this infirmity had any impact on his case sufficient to warrant reversal of his convictions. In other words, while it was error to arraign him in the absence of counsel, this error had no impact on the case as a whole (see id.; compare *People v Wicks*, 76 NY2d 128, 133-134 [1990]; *People v Holmes*, 175 AD2d 650, 651 [1991], *lv denied* 78 NY2d 1012 [1991]).

---

* Defendant was originally charged in a felony complaint with criminal possession of a controlled substance in the third degree. He waived a preliminary hearing with respect to this complaint. Thereafter, he was charged in a separate felony complaint with criminal sale of a controlled substance in the third degree. He was arraigned on this complaint without his attorney being present, however, one day later, the grand jury handed up the subject indictment against him.

Defendant next claims that he was denied the effective assistance of counsel because his attorney, among other transgressions, conceded that the substances sold to the undercover investigator and retrieved from the plastic bag were cocaine. We are unpersuaded. With respect to the criminal sale count, the defense strategy was to deny that defendant was the person who sold the drugs to the undercover investigator. With respect to the criminal possession count, the defense strategy was to admit that defendant possessed the drugs but claim that he was merely a drug "mule" carrying them for others with no intent to sell. Thus, what defendant now labels as a deficiency of trial counsel was a reasonable tactical decision consistent with these strategies (*see e.g. People v Rodriguez*, 186 AD2d 838 [1992], *lv denied* 81 NY2d 765 [1992]; *see also People v Satterfield*, 66 NY2d 796, 799-800 [1985]).

Defendant's remaining contentions, including those arguments contained in his pro se brief, have been considered and found to be unavailing.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.