# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**358**

**KA 15-00534**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                                MEMORANDUM AND ORDER

MARK J. MALTESE, ALSO KNOWN AS MARK JOSEPH
MALTESE, ALSO KNOWN AS MARK MALTESE,
DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

MARK J. MALTESE, DEFENDANT-APPELLANT PRO SE.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (MELISSA L. CIANFRINI OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 4, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (three counts), burglary in the third degree, criminal mischief in the second degree and grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of robbery in the second degree (Penal Law § 160.10 [2] [b]), and one count each of burglary in the third degree (§ 140.20), criminal mischief in the second degree (§ 145.10), and grand larceny in the third degree (§ 155.35 [1]). By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention in his main and pro se supplemental briefs that the evidence is legally insufficient to support the conviction (*see People v Hawkins*, 11 NY3d 484, 492). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant also contends in his main and pro se supplemental briefs that his statements to the police were not knowing and voluntary and that County Court therefore erred in refusing to suppress them because he was not given water the first time he requested it; "it was possible" that he was "complaining" from opiate withdrawal symptoms and may have appeared intoxicated; he was in custody for six hours before he was interrogated, and was questioned for 2½ hours; and he

was never given any medication while in custody.  We reject that contention.  Here, the officer who questioned defendant testified at the suppression hearing that defendant never requested any form of medication or food, and did not complain that he was suffering from withdrawal.  Furthermore, although defendant's first request for water was denied, he was thereafter provided with water and was allowed to take several cigarette breaks.  Thus, we conclude that "the totality of the circumstances here does not 'bespeak such a serious disregard of defendant's rights, and [was not] so conducive to unreliable and involuntary statements, that the prosecutor has not demonstrated beyond a reasonable doubt that the defendant's will was not overborne' " (*People v Jin Cheng Lin*, 26 NY3d 701, 725).  Contrary to defendant's related contention, the fact that defendant and the officer conducting the questioning were acquaintances does not warrant a different conclusion (*see generally People v Gates*, 101 AD2d 635, 635-636).

We reject defendant's further contention in his main and pro se supplemental briefs that the police lacked probable cause to arrest him.  " 'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place' " (*People v Myhand*, 120 AD3d 970, 970, *lv denied* 25 NY3d 952).  Here, a witness followed defendant's car directly from the store that was burglarized to a house, and a police officer was allowed to enter the house where defendant was seen walking up the stairs holding the stolen television.  In addition, an occupant of the house provided a statement that defendant left the house with another man and came back with a television.  We thus conclude that the police had probable cause to arrest defendant (*see id.*).

Defendant contends in his main brief that the court erred in admitting his written statement in evidence because the People failed to comply with the CPL 710.30 notice requirements, i.e., they indicated in their CPL 710.30 notice that defendant's written statement was made on September 13, 2013, when it was actually made on November 27, 2013.  We reject that contention.  " '[T]he purpose of the statute will be served when the defendant is provided an opportunity to challenge the admissibility of the statement[]' " (*People v Simpson*, 35 AD3d 1182, 1183, *lv denied* 8 NY3d 990).  While the statement displays the date September 13, 2013 on the top lefthand corner of the first page, the dates underneath defendant's signature at the bottom of both pages of the statement indicate that it was made on November 27, 2013.  We conclude that this mere clerical error did not hinder defendant from challenging the admissibility of the statement during the suppression hearing (*see id.*).  We reject defendant's final contention in his main brief that the sentence is unduly harsh and severe.

By failing to object to the jury charge as given, defendant failed to preserve for our review his contention in his pro se supplemental brief that the jury charge was improper with respect to the issue of voluntary statements (*see generally People v Robinson*, 88

NY2d 1001, 1001-1002).  In any event, we conclude that the court's charge, viewed in its entirety, "fairly instructed the jury on the correct principles of law to be applied to the case and does not require reversal" (*People v Ladd*, 89 NY2d 893, 896).  We similarly reject defendant's contention in his pro se supplemental brief that the court erred in denying his request for an adverse inference charge concerning the failure of the police to record his interrogation electronically (*see People v Durant*, 26 NY3d 341, 352-353). Defendant's contentions in his pro se supplemental brief that the prosecutor should have been disqualified and that defense counsel was ineffective based on a conflict of interest concern matters outside of the record and must be raised by way of a motion pursuant to CPL article 440 (*see e.g. People v Sanford*, 138 AD3d 1435, 1436).

We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none requires modification or reversal of the judgment.

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court