People v Tetro (2019 NY Slip Op 06886)





People v Tetro


2019 NY Slip Op 06886


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


771 KA 15-02022

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MORGAN TETRO, ALSO KNOWN AS MORGAN BURNELL, DEFENDANT-APPELLANT. 






JARROD W. SMITH, ESQ., P.L.L.C., JORDAN (JARROD W. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LISA E. FLEISCHMANN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered November 16, 2015. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree, welfare fraud in the fourth degree, grand larceny in the third degree, offering a false instrument for filing in the first degree (two counts) and criminal tax fraud in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In this prosecution arising from allegations that defendant and her codefendant took advantage of an elderly woman—whom they had befriended and provided with care—by liquidating her assets and appropriating her funds for their own use, defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, grand larceny in the second degree (Penal Law § 155.40 [1]). We affirm.
Defendant contends that the grand jury proceeding was defective pursuant to CPL 210.35 (5) and that County Court therefore erred in refusing to dismiss the indictment (see generally CPL 210.20 [1] [c]). We conclude upon our review of the grand jury minutes that defendant's contention lacks merit (see People v Gonzales, 145 AD3d 1432, 1432 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]; see generally People v Huston, 88 NY2d 400, 409 [1996]).
Contrary to defendant's further contention, although the court erred in arraigning her and initially setting bail in the absence of counsel, we conclude that reversal is not required inasmuch as the record establishes that defendant's nonrepresentation at that critical stage of the prosecution had no impact on the ultimate adjudication (see People v Kaetzel, 117 AD3d 1187, 1188-1189 [3d Dept 2014], lv denied 24 NY3d 962 [2014]; People v Young, 35 AD3d 958, 960 [3d Dept 2006], lv denied 8 NY3d 929 [2007]; see also People v Green, 48 AD3d 1056, 1057 [4th Dept 2008], lv denied 10 NY3d 934 [2008]; see generally Hurrell-Harring v State of New York, 15 NY3d 8, 21 [2010]). To the extent that defendant, after initially being assigned counsel following arraignment, was thereafter unrepresented for a period pending a further determination of her eligibility for assigned counsel, we likewise conclude that reversal is not required on that ground. Even assuming, arguendo, that such period constituted a critical stage of the prosecution, the lack of representation had no impact on the case as a whole, and defendant's unsupported and speculative assertion to the contrary is insufficient to warrant reversal (see Kaetzel, 117 AD3d at 1188-1189; Young, 35 AD3d at 960). Defendant also contends that, in light of the fact that several of the People's witnesses were local attorneys, the court should have assigned her counsel from outside the county. Defendant failed to preserve that contention for our review (see People v Alexander, 132 AD3d 1412, 1413 [4th Dept 2015], lv denied 27 NY3d 1148 [2016]; see generally CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that [*2]defendant contends that defense counsel was ineffective based on conflicts of interest, that contention concerns matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (see People v Maltese, 148 AD3d 1780, 1783 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]).
We reject defendant's contention that she was denied meaningful representation. Contrary to defendant's assertion, the record establishes that defense counsel, among other things, made appropriate pretrial motions, effectively cross-examined the People's witnesses in conjunction with the codefendant's attorney, lodged appropriate objections, introduced evidence in favor of defendant, and made compelling opening and closing statements, thereby mounting a cogent, albeit unsuccessful, defense premised largely upon the argument that the victim had knowingly approved of the financial dealings as acts of generosity toward defendant and the codefendant based on the victim's close relationship with them (see People v Crumpler, 163 AD3d 1457, 1459 [4th Dept 2018], lv denied 32 NY3d 1003 [2018], reconsideration denied 32 NY3d 1125 [2018]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant also contends that she was denied meaningful representation by defense counsel's decision not to seek severance of her trial from that of the codefendant. That contention lacks merit inasmuch as such a motion would have had little or no chance of success and, moreover, defendant has not shown the absence of strategic or other legitimate explanations for the absence of a severance motion (see People v McGee, 20 NY3d 513, 520 [2013]; People v Evans, 142 AD3d 1291, 1292 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]). To the extent that defendant's contention that she was denied meaningful representation is based upon defense counsel's alleged failure to consult experts in preparation of the defense, it involves matters outside the record on appeal and must therefore be raised by way of a motion pursuant to CPL article 440 (see People v Washington, 122 AD3d 1406, 1406 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]). To the extent that defendant's contention is based on defense counsel's failure to produce expert witnesses at trial to rebut the evidence introduced by the People, we conclude that defendant "has not established that such expert testimony was available, that it would have assisted the jury in its determination or that [she] was prejudiced by its absence" (People v Woolson, 122 AD3d 1353, 1354 [4th Dept 2014], lv denied 25 NY3d 1078 [2015] [internal quotation marks omitted]).
Defendant further contends that the court erred in admitting the testimony of an expert witness for the People because the court did not qualify the witness as an expert. That contention lacks merit inasmuch as the court overruled the objection by defense counsel made on that ground, thereby "implicitly indicat[ing] the court's discretionary acceptance of [the witness's] opinion as expert testimony' in [her] applicable field" (People v Gordon, 202 AD2d 166, 167 [1st Dept 1994], lv denied 83 NY2d 911 [1994]; see People v Benjamin R., 103 AD2d 663, 669 [4th Dept 1984]). Furthermore, the court "was not required to declare or certify on the record that the witness was an expert before permitting [her] to testify" (People v Valentine, 48 AD3d 1268, 1269 [4th Dept 2008], lv denied 10 NY3d 871 [2008]).
Defendant also contends that the court committed reversible error by depriving her of the constitutional right to counsel when it initially prohibited her from communicating with anyone about her testimony during a weekend recess while she was in the midst of testifying in her defense. Defendant failed to preserve that contention for our review inasmuch as defense counsel was " present and available to register a protest' to [the] restriction on communication that would [have] provide[d] the court with an opportunity to rectify its error," but failed to do so (People v Umali, 10 NY3d 417, 423 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]; see People v Narayan, 54 NY2d 106, 112 [1981]; People v Brown, 169 AD3d 1258, 1260 [3d Dept 2019], lv denied 33 NY3d 1029 [2019]). In any event, although the court erred in initially issuing a restriction on communication that prohibited defendant from discussing her testimony with defense counsel during the weekend recess (see People v Joseph, 84 NY2d 995, 996 [1994]), reversal is not required under the circumstances of this case. The record establishes that the court rescinded the restriction later the same day upon realizing that it was improper; that defendant and defense counsel thereafter were able to consult, albeit not in person, over the weekend; that the court provided defendant and defense counsel as much time as they deemed necessary to further consult before the trial resumed after the weekend; and that they did so (see Umali, 10 NY3d at 423-424). In view of the foregoing, we conclude that defense counsel's failure to object to the initial restriction was not so "egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Stewart, 68 AD3d 1438, 1440 [3d Dept 2009], lv denied 14 NY3d 773 [2010]).
We reject defendant's contention that reversal is required based on the alleged loss of certain trial exhibits. Even assuming, arguendo, that the exhibits have " substantial importance' to the issues in the case," we conclude that meaningful appellate review is not precluded inasmuch as "the information in the missing exhibit[s] can be gleaned from the record and there is no dispute as to [the] accuracy" of that information (People v Yavru-Sakuk, 98 NY2d 56, 60 [2002]; see People v Jackson, 11 AD3d 928, 930 [4th Dept 2004], lv denied 3 NY3d 757 [2004]).
Contrary to defendant's additional contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the People's witnesses, including that of the victim, over the testimony of defendant's witnesses, including that of defendant herself, and we perceive no reason to disturb those credibility determinations (see People v Christopher, 64 AD3d 1006, 1006-1007 [3d Dept 2009], lv denied 13 NY3d 795 [2009]; People v Massaro, 32 AD3d 1223, 1223 [4th Dept 2006]; People v Gustke, 201 AD2d 923, 923-924 [4th Dept 1994], lv denied 83 NY2d 911 [1994]).
Finally, defendant's sentence, as reduced by operation of law to an aggregate indeterminate term of 7&frac13; to 20 years of imprisonment (see Penal Law § 70.30 [1] [e] [i]), is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court