People v Moses (2020 NY Slip Op 03152)





People v Moses


2020 NY Slip Op 03152


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110297

[*1]The People of the State of New York, Respondent,
v
Amanda L. Moses, Appellant.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Craig Meyerson, Peru, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Clinton County (Bruno, J.), rendered October 23, 2017, convicting defendant upon her plea of guilty of the crimes of robbery in the first degree and assault in the second degree.
Defendant waived indictment, pleaded guilty to a superior court information (hereinafter SCI) charging her with robbery in the first degree and assault in the second degree, and waived her right to appeal. The charges stem from an incident on August 13, 2016 wherein defendant forcibly stole property from a victim while displaying what appeared to be a pistol, as well as a separate incident on the same day, wherein defendant intentionally caused physical injury to another victim using a dangerous instrument. County Court sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreement to concurrent prison terms of 10 years, followed by five years of postrelease supervision, on the robbery conviction and five years, followed by five years of postrelease supervision, on the assault conviction. Defendant appeals.
Defendant contends that the waiver of indictment is jurisdictionally defective because it fails to set forth, in accordance with CPL 195.20, the approximate time that the crimes were committed, nor does it denote that the offenses are armed felonies as required by CPL 200.50 (7) (b). "In assessing the facial sufficiency of facts alleged as to non-elements of the crime in an accusatory instrument, the fundamental concern is whether the defendant had reasonable notice of the charges for double jeopardy purposes and to prepare a defense" (People v Lang, 34 NY3d 545, 570 [2019]; see People v Cohen, 52 NY2d 584, 587 [1981]). Notably, defendant makes no claim that she lacked notice of the precise crimes or that such crimes constitute armed felonies. Defendant's challenge to the omission of nonelemental factual information does not render the waiver of indictment jurisdictionally defective and, therefore, it is forfeited by her guilty plea (see People v Lang, 34 NY3d at 570; People v Shindler, 179 AD3d 1306, 1307 [2020]; People v Elric YY., 179 AD3d 1304, 1305 [2020]; People v Harris, 117 AD2d 881, 882 [1986]).
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.