People v Matros (2021 NY Slip Op 04261)





People v Matros


2021 NY Slip Op 04261


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

110670
[*1]The People of the State of New York, Respondent,
v
Anthony Matros, Appellant.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Thomas F. Garner, Middleburgh, for appellant.
Lorraine Diamond, District Attorney, Fonda (James P. Melita of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered December 5, 2017, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
In March 2017, when defendant and two codefendants went to a private residence for the purpose of committing a robbery, one of the codefendants shot and killed the young man who answered the door. Defendant was 16 years old at the time. As a result of this incident, he and the codefendants were charged in an indictment with multiple crimes. Thereafter, County Court granted defense counsel's motion to dismiss the indictment as defective. Defendant then agreed to be prosecuted by a superior court information charging him with manslaughter in the first degree. He pleaded guilty to this crime pursuant to an agreement that required him to waive his right to appeal. At sentencing, County Court denied defendant's request to be treated as a youthful offender. The court proceeded to sentence defendant, in accord with the terms of the plea agreement, to 10 years in prison, followed by five years of postrelease supervision. The court also imposed restitution. Defendant appeals.[FN1]
Defendant's uncontested waiver of the right to appeal precludes his argument that County Court abused its discretion in refusing to grant him youthful offender status (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Caggiano, 150 AD3d 1335, 1336 [2017], lv denied 29 NY3d 1124 [2017]), and his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Nye, 188 AD3d 1308, 1308 [2020]).
Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: During the pendency of the appeal, defendant withdrew his challenges to the waiver of indictment and guilty plea, and to the order of restitution.