People v Wimberly (2022 NY Slip Op 01346)





People v Wimberly


2022 NY Slip Op 01346


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

110407B
[*1]The People of the State of New York, Respondent,
v
Savion Wimberly, Appellant.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.

Todd G. Monahan, Schenectady, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 25, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant, who was 16 years old at the time of the offense, waived indictment and pleaded guilty to a superior court information charging him with criminal possession of a weapon in the second degree, an armed felony offense, and agreed to waive his right to appeal. At sentencing, County Court determined that defendant was not an eligible youth for youthful offender adjudication and sentenced him, in accord with the plea agreement, to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.
Defendant's contention that County Court abused its discretion in denying him youthful offender eligibility is foreclosed by his unchallenged waiver of the right to appeal (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Matros, 196 AD3d 863, 864 [2021]), as is his attendant claim of prosecutorial misconduct (see People v Williams, 184 AD3d 1010, 1010 [2020], lv denied 35 NY3d 1097 [2020]; People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]). Although the validity of defendant's waiver of the right to appeal has gone unchallenged, we feel compelled to note that our prior decision in this matter relieving defendant's former attorney from representation directed new appellate counsel to this issue — specifically that there was "at least one issue of arguable merit with respect to the validity of defendant's appeal waiver" that could impact our ability to review County Court's determination as to defendant's youthful offender eligibility (194 AD3d 1122, 1123 [2021]). There are multiple references to our prior decision in counsel's brief, and his failure to challenge the validity of the appeal waiver is inexplicable. Notwithstanding our prior decisions examining similar appeal waivers (see e.g. People v Stratton, ___ AD3d ___, ___, 2022 NY Slip Op 00334, *1 [2021]; People v Robinson, 195 AD3d 1235, 1236 [2021]; People v Downs, 194 AD3d 1118, 1118-1119 [2021], lv denied 37 NY3d 971 [2021]), we express no opinion on whether the appeal waiver here was valid. We do reiterate that an issue of arguable merit exists, but, because the waiver of the right to appeal issue has not been raised, we are constrained in our ability to review defendant's claims.
Garry, P.J., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.