People v Devarnne-Walls (2022 NY Slip Op 07096)

People v Devarnne-Walls

2022 NY Slip Op 07096

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

110730
[*1]The People of the State of New York, Respondent,
v
Christopher Devarnne-Walls, Appellant.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered June 7, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of stolen property in the third degree.
Defendant waived indictment and was charged in a superior court information with attempted criminal possession of stolen property in the third degree. Defendant pleaded guilty as charged and, as part of the plea agreement, he was required to waive the right to appeal. Pursuant to the plea agreement, sentencing was adjourned and defendant was provided an opportunity to participate in drug court. If defendant successfully completed the program, he was to be sentenced to five years of probation; if he was unsuccessful, he could be sentenced to up to 1&frac13; to 4 years in prison. Defendant was subsequently terminated from drug court and, after denying defendant's request for youthful offender status, County Court sentenced him to 1 to 3 years in prison. Defendant appeals.
Defendant's contention that his plea was not knowing, intelligent and voluntary because County Court did not ensure that he was aware of the constitutional trial-related rights that he was forfeiting by pleading guilty is unpreserved for our review, as the record does not disclose that he made an appropriate postallocution motion and the narrow exception to the preservation requirement is not implicated (see People v McCoy, 198 AD3d 1021, 1022-1023 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]; People v Howard, 190 AD3d 1108, 1108-1109 [3d Dept 2021]). Defendant also contends that the waiver of indictment is jurisdictionally defective because it does not denote the approximate time and place of the offense in accordance with CPL 195.20. Notably, "the omission of nonelemental information, to which defendant did not object, does not render the waiver of indictment jurisdictionally defective and, therefore, any such challenge was forfeited by his guilty plea" (People v Minaya, 206 AD3d 1161, 1162 [3d Dept 2022]; see People v Lang, 34 NY3d 545, 568-569 [2019]; People v Moses, 184 AD3d 910, 911 [3d Dept 2020], lv denied 35 NY3d 1096 [2020]). Further, "defendant made no claim that he lacked notice of the specific crime for which he waived prosecution by indictment" (People v Minaya, 206 AD3d at 1162 [internal quotation marks, brackets and citation omitted]; see People v Lang, 34 NY3d at 569; People v Moses, 184 AD3d at 911). Lastly, defendant's argument that County Court abused its discretion by declining to grant him youthful offender status is foreclosed by his unchallenged appeal waiver (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Buckman, 203 AD3d 1243, 1243 [3d Dept 2022]).
Lynch, J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.