People v Hooker (2024 NY Slip Op 04635)

People v Hooker

2024 NY Slip Op 04635

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

110916 110996 113393
[*1]The People of the State of New York, Respondent,
v
Tyler Hooker, Appellant.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered July 9, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the third degree, (2) from a judgment of said court, rendered July 9, 2018, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree, and (3) by permission, from an order of said court, entered July 12, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgments of conviction, without a hearing.
In March 2017, and in satisfaction of a four-count indictment, defendant pleaded guilty to burglary in the third degree, and, as the negotiated plea agreement required him to do, waived his right to appeal, both orally and in writing. In April 2017 — prior to defendant's sentencing scheduled for June 2, 2017 — defendant was arrested and detained in Indiana for stealing a vehicle in New York and then fleeing the state. When defendant appeared on July 5, 2017 to be arraigned for charges related to the vehicle theft, he waived indictment, pleaded guilty to a superior court information (hereinafter SCI) charging him with grand larceny in the fourth degree and waived his right to appeal, both orally and in writing. At sentencing, and consistent with the agreed-to terms of the parties' global disposition, defendant was placed on interim probation for one year with the understanding that, if he successfully completed that term of probation, he would receive youthful offender status and a five-year term of probation. Defendant subsequently failed to comply with the terms of interim probation, and County Court revoked his interim probation and proceeded with sentencing. At sentencing, the court denied defendant a youthful offender adjudication and sentenced him to a prison term of 2 to 6 years on his burglary conviction and to a lesser concurrent sentence on his grand larceny conviction. The court also recommended that defendant be enrolled in a shock incarceration program and considered for any appropriate drug treatment programs. Defendant thereafter moved to vacate the judgments of conviction pursuant to CPL article 440, premised upon a claim of ineffective assistance of counsel. County Court denied the motion, without a hearing. Defendant appeals from the judgments of conviction and, by permission, from the denial of his motion to vacate.
Although Harrietstown Town Court (Bevilacqua, J.) erred, as the People concede, in arraigning defendant and initially setting bail in the absence of counsel, we conclude that reversal is not required inasmuch as the record establishes that defendant's nonrepresentation at that critical stage of the prosecution had no impact on the ultimate adjudication (see People v Kaetzel, 117 AD3d 1187, 1188-1189 [3d Dept 2014], lv denied 24 NY3d 962, 996 [2014]; People v Young, 35 AD3d 958, 960 [3d Dept 2006], lv denied 8 NY3d 929 [2007]; see also People v Green, 48 AD3d 1056, 1057 [4th Dept [*2]2008], lv denied 10 NY3d 934 [2008]; see generally Hurrell-Harring v State of New York, 15 NY3d 8, 21 [2010]), and "defendant's unsupported and speculative assertion to the contrary is insufficient to warrant reversal" (People v Tetro, 175 AD3d 1784, 1785 [4th Dept 2019]; see People v Kaetzel, 117 AD3d at 1188-1189; People v Young, 35 AD3d at 960).
Defendant argues that the waiver of indictment is invalid and the SCI is jurisdictionally defective in that they do not set forth the specific date, approximate time and place where the crime occurred, information required by CPL 195.20. We disagree. Initially, this issue survives his guilty plea and may be raised for the first time on appeal (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v West, 215 AD3d 1067, 1069 [3d Dept 2023]). "In this regard, an SCI, which is held to the same pleading requirements as an indictment, is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v West, 215 AD3d at 1069 [internal quotation marks and citations omitted]; see CPL 200.15; People v Solomon, 203 AD3d 1468, 1469 [3d Dept 2022], affd 39 NY3d 1114 [2023]; People v Weeks, 188 AD3d 1420, 1422-1423 [3d Dept 2020], lv denied 36 NY3d 1060 [2021]). "The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (People v D'Angelo, 98 NY2d 733, 735 [2002] [citations omitted]; see People v West, 215 AD3d at 1069).
As relevant here, "[a] person is guilty of grand larceny in the fourth degree when he [or she] steals property and when . . . [t]he value of the property exceeds [$100] and the property consists of a motor vehicle" (Penal Law § 155.30 [8]). Both the waiver and the SCI contain the name of the offense with which defendant was being charged, the date on which the offense occurred and the town in which the offense occurred. This language, as well as specific reference to the statutory provision, are set forth in the SCI. As such, the SCI is not jurisdictionally defective (see People v Stone, 224 AD3d 990, 991 [3d Dept 2024]). Moreover, defendant makes no claim that he lacked notice of the specific crime for which he waived prosecution by indictment, and the time of the crime and precise vehicle defendant was charged with stealing are specifically set forth in the felony complaint (see People v Lang, 34 NY3d 545, 550-560 [2019]; People v Devarnne-Walls, 211 AD3d 1232, 1233 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]; People v Feltz, 190 AD3d 1026, 1026 [3d Dept 2021]; People v Elric YY., 179 AD3d 1304, 1305 [3d Dept 2020]).
Defendant also argues that County Court abused its discretion in declining to grant him youthful offender status. However, this claim as well as any challenge to the severity of the sentence are foreclosed by [*3]defendant's unchallenged appeal waiver (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Soto, 228 AD3d 1072, 1074 [3d Dept 2024]; People v Matros, 196 AD3d 863, 864 [3d Dept 2021]). "Defendant's request that we adjudicate him a youthful offender in the interest of justice is likewise foreclosed by the unchallenged appeal waiver" (People v Buckman, 203 AD3d 1243, 1243 [3d Dept 2022] [citations omitted]).
We also reject defendant's contention that County Court erred in denying his CPL 440.10 motion to vacate his judgments of conviction. "Defendant's mixed claims of ineffective assistance of counsel are grounded upon matters appearing both on the record and outside the record and, therefore, they are assessed together, in totality, to determine whether he was deprived of meaningful representation" (People v Kuhn, 221 AD3d 1182, 1184 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 41 NY3d 929 [2024]). "The failure to include an affirmation from [trial] counsel, or an explanation for the failure to do so, has been held to warrant the summary denial of a defendant's postconviction motion" (People v Wright, 27 NY3d 516, 522 [2016] [citations omitted]; accord People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]). "A court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Marcellus, 223 AD3d 1051, 1053 [3d Dept 2024] [internal quotation marks and citations omitted]). Furthermore, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]).
"The purpose of a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (People v Spradlin, 192 AD3d 1270, 1273 [3d Dept 2021] [internal quotation marks citations omitted], lv denied 37 NY3d 960 [2021]). In this regard, the majority of the claims that defendant raises in his appeal from the denial of his CPL 440.10 motion — to wit, defendant's challenge to his arraignments without the benefit of counsel, the alleged jurisdictionally defective waiver of indictment and SCI and the court's denial of youthful offender status — are based on facts that were apparent from the face of the record to permit adequate review upon direct appeal, as we addressed above (see CPL 440.10 [2] [b]; People v Spradlin, 192 AD3d at 1273; People v Grays, 162 AD3d 1224, 1228 [2018], lv denied 32 NY3d 1111 [2018]). Accordingly, County Court did not err in denying that portion of defendant's CPL article 440 motion with respect to such claims[*4].
The balance of defendant's CPL article 440 motion — which pertains to his claim that his trial counsel and the Public Defender's office [FN1] rendered ineffective assistance in various respects — is predicated upon the self-serving affidavits of defendant, his father and his attorney on the motion, which are contradictory to the record before us and are otherwise unsubstantiated (see CPL 440.30 [4] [d]; People v Wright, 27 NY3d at 521; People v Spradlin, 188 AD3d 1454, 1460-1461 [3d Dept 2020]; lv denied 37 NY3d 960 [2021]; People v Brandon, 133 AD3d 901, 904 [2015], lv denied 27 NY3d 992 [2016]). Indeed, despite numerous and escalating violations of interim probation — including a multi-state theft of a vehicle and discharge from in-patient treatment due to a physical altercation with a peer — the record demonstrates that both of defendant's trial counsel were successful in advocating for continuing defendant's probation with the possibility of youthful offender status until July 2018, when presentencing and uniform court reports revealed "extensive failures" of complying with the conditions of interim probation. Even then, contrary to the self-serving contentions of defendant and his father, trial counsel continued to advocate for alternatives to incarceration (see People v Podeswa, 205 AD3d 1139, 1141-1142 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]). Moreover, defendant also acknowledged during his plea allocutions that he understood the parameters of the global disposition — including that his failure to comply with the conditions of interim probation would result in prison time and no youthful offender status — that he had sufficient time to discuss it with counsel and that he was satisfied with counsel's representation. Furthermore, our review of the record reveals that counsel negotiated a favorable plea agreement under these particular circumstances, especially in light of the serious charges brought against defendant (see People v Richmond, 158 AD3d 980, 981 [3d Dept 2018]). Based on the foregoing, County Court did not abuse its discretion in denying defendant's CPL 440.10 motion without a hearing (see CPL 440.30 [4]). Defendant's remaining contentions, to the extent not specifically addressed herein, have been considered and found lacking in merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgments and the order are affirmed.

Footnotes

Footnote 1: Defendant had retained private counsel in relation to the burglary charges from the first indictment, and ultimately sought representation from the Public Defender's office after being charged with grand larceny in the fourth degree. Both counsel advocated on defendant's behalf for a global resolution — appearing together on the record since July 2017.