■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRADLEY, Appellant. [859 NYS2d 575]—Appeal from a judg-

ment of the Monroe County Court (Patricia D. Marks, J.), rendered January 31, 2005. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). We note at the outset that the amended certificate of conviction incorrectly recites that defendant was convicted of criminal possession of a controlled substance in the fifth degree as a lesser included offense of count one, criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and does not reflect defendant's conviction of criminal possession of a controlled substance in the seventh degree. The amended certificate of conviction must therefore be further amended to reflect that defendant was convicted of criminal possession of a controlled substance in the seventh degree as a lesser included offense of count one, criminal possession of a controlled substance in the third degree, and was also convicted of count two, criminal possession of a controlled substance in the fifth degree (*see People v Saxton*, 32 AD3d 1286 [2006]).

Contrary to defendant's contention, the sentence imposed on the count of criminal possession of a controlled substance in the fifth degree is not unduly harsh or severe. Nevertheless, because County Court failed to impose a sentence for each count of which defendant was convicted (*see* CPL 380.20), we modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (*see People v Sturgis*, 69 NY2d 816, 817-818 [1987]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.