# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1309
KA 08-01364
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CORI D. BUCKMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered June 4, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that his waiver of the right to appeal was invalid (*see generally People v Lopez*, 6 NY3d 248, 256). Although defendant's further contention that his plea was not knowingly, voluntarily and intelligently entered survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review (*see People v VanDeViver*, 56 AD3d 1118, *lv denied* 11 NY3d 931, 12 NY3d 788). Defendant also failed to preserve for our review his contention that the second violent felony offender statement filed by the People did not comply with CPL 400.15 (2). In any event, we conclude that there was substantial compliance with that statute in this case (*see People v Myers*, 52 AD3d 1229), inasmuch as defendant "received adequate notice and an opportunity to be heard with respect to the prior conviction[s]" (*People v Ruffin*, 42 AD3d 582, *lv denied* 9 NY3d 881). As the People correctly concede, however, County Court erred in failing to impose a sentence for each count of which defendant was convicted (*see* CPL 380.20). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (*see People v Sturgis*, 69 NY2d 816, 817-818; *People v*

*Bradley*, 52 AD3d 1261, *lv denied* 11 NY3d 734).

Entered:  December 30, 2011                              Frances E. Cafarell
                                                        Clerk of the Court