Judgment, Supreme Court, New York County (Robert M. *516 Stolz, J.), rendered March 23, 2011, convicting defendant, after a jury trial, of attempted gang assault in the first degree and assault in the second degree, and sentencing her to an aggregate term of 372 years, unanimously affirmed.
Defendant’s ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning trial strategy and potential testimony (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). While defendant points out that her trial attorney was in no position to make a CPL 440.10 motion attacking his own performance, there is no requirement that a defendant be represented in postconviction proceedings by the same attorney who represented the defendant at trial.
To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). There were reasonable explanations for trial counsel’s decision not to call as witnesses three codefendants who had been convicted prior to defendant’s trial (see People v Smith, 82 NY2d 731, 733 [1993]; People v Pedraza, 56 AD3d 390, 391 [2008], lv denied 12 NY3d 761 [2009]). In any event, defendant has not shown that she was prejudiced by this decision. The record does not establish that any of the codefendants “would have actually testified, that they would have given exculpatory testimony, or that the jury would have been likely to credit such testimony” (People v Green, 27 AD3d 231, 233 [2006], lv denied 6 NY3d 894 [2006]).
There is no merit to defendant’s claim that counsel was ineffective for failing to request a missing witness charge regarding the prosecutor’s failure to call the codefendants to testify for the People. Defendant would not have been entitled to such a charge, because these witnesses were not in the People’s control for missing witness purposes. Former codefendants would not “naturally be expected to provide” testimony favorable to the People (see People v Kitching, 78 NY2d 532, 536 [1991]). Defendant’s assertion that the People had originally intended to call the codefendants as witnesses is based on a misreading of the voluntary disclosure form, which sets forth statement and identification evidence to be used against each of the four defendants, individually. Concur — Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ.