# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

638

KA 12-00591

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CORI BUCKMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a resentence of the Monroe County Court (Alex R. Renzi, J.), rendered February 1, 2012. Defendant was resentenced upon his conviction of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: In 2008, defendant was convicted upon a plea of guilty of one count each of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We modified the judgment of conviction by vacating the sentence imposed on both counts and remitted the matter to County Court for resentencing because "County Court erred in failing to impose a sentence for each count of which defendant was convicted" (*People v Buckman*, 90 AD3d 1635, 1636, *lv denied* 18 NY3d 955). Upon remittal, County Court resentenced defendant on one count to a determinate term of incarceration of nine years, to be followed by five years of postrelease supervision, and to a concurrent indeterminate term of incarceration of 2 to 4 years on the other count.

We reject defendant's contention that the court erred in denying his motion to withdraw his plea with respect to both counts. While it is well settled that "a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122), it is also well settled that "[c]ompliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof" (*People v Cataldo*, 39 NY2d 578, 580). Here, the only sentencing promise made to defendant was that he would receive a nine-year term of incarceration in exchange for his plea of

guilty to both counts of the indictment.  Thus, inasmuch as the aggregate prison term imposed by the court on resentencing was nine years of incarceration, we conclude that defendant "clearly received the benefit of his bargain" (*People v Collier*, 22 NY3d 429, 434, *cert denied* ___ US ___).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court