People v Ortiz (2021 NY Slip Op 02892)





People v Ortiz


2021 NY Slip Op 02892


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


96 KA 17-00901

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN ORTIZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 7, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]). The case arose from the shooting death of the victim during an attempted robbery. One of the People's witnesses was a participant in the crime who agreed to testify against defendant as part of a plea bargain. Supreme Court delivered an accomplice as a matter of fact charge with respect to that witness. Defendant contends that the court erred in failing to charge that the witness was an accomplice as a matter of law (see CPL 60.22; People v Sage, 23 NY3d 16, 23-24 [2014]). Defendant failed to preserve that contention for our review because he did not request such a charge nor did he object to the charge as given (see People v Lipton, 54 NY2d 340, 351 [1981]; People v Blume, 92 AD3d 1025, 1027 [3d Dept 2012], lv denied 19 NY3d 957 [2012]), and we decline to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We note that the testimony of the witness in question was "amply corroborated" by other evidence (People v Fortino, 61 AD3d 1410, 1411 [4th Dept 2009], lv denied 12 NY3d 925 [2009]; see People v Reed, 115 AD3d 1334, 1336 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]), and the prosecutor did not dispute at trial that the witness's testimony needed to be corroborated. We reject defendant's further contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court