People v Brady (2021 NY Slip Op 03951)





People v Brady


2021 NY Slip Op 03951


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


386 KA 17-00192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN F. BRADY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 8, 2016. The judgment convicted defendant upon a jury verdict of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified that he was waiting in his vehicle when he was approached by defendant and defendant's codefendant, both of whom the victim knew from a prior interaction. After defendant and the codefendant fought with the victim, defendant grabbed a bag containing money from the back seat, and defendant and the codefendant then ran to the codefendant's vehicle, which was nearby. The victim testified that he chased after that vehicle on foot, sustaining injuries, and the victim's testimony about the incident was corroborated by two eyewitnesses. Forensic testimony at trial linked fingerprints found on the victim's vehicle to defendant, and linked DNA evidence recovered from the codefendant's vehicle to the victim's DNA profile. Furthermore, the weight of the evidence supports the jury's conclusion that defendant forcibly stole property (see § 160.00), as well as its conclusion that he used physical force in order to "[p]revent[ ] or overcom[e] resistance to the taking of the property or to the retention thereof" (§ 160.00 [1]; see People v Vullo, 153 AD3d 1630, 1630 [4th Dept 2017], lv denied 30 NY3d 1064 [2017]), and the jury was entitled to resolve issues of credibility pertaining to the victim and the two eyewitnesses in favor of the People (see People v Shedrick, 104 AD2d 263, 274 [4th Dept 1984], affd 66 NY2d 1015 [1985], rearg denied 67 NY2d 758 [1986]). Contrary to defendant's contention, "the failure to recover the stolen [property] does not preclude a robbery conviction" (Vullo, 153 AD3d at 1631).
Finally, as defendant further contends and the People correctly concede, County Court erred in failing to "pronounce sentence on each count" of the conviction (CPL 380.20). Although the certificate of conviction states that defendant was sentenced on each count to concurrent terms of incarceration of nine years with five years of postrelease supervision, the court, at sentencing, "failed to impose a sentence for each count of which defendant was convicted" (People v Bradley, 52 AD3d 1261, 1262 [4th Dept 2008], lv denied 11 NY3d 734 [2008]; see CPL 380.20). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court