People v Adams (2022 NY Slip Op 01921)





People v Adams


2022 NY Slip Op 01921


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


201 KA 17-02131

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEYONI ADAMS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered November 16, 2017. The judgment convicted defendant upon a plea of guilty of arson in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing in accordance with the following memorandum: On appeal from a judgment convicting her upon her plea of guilty of arson in the fourth degree (Penal Law § 150.05 [1]), defendant challenges aspects of her sentence. We agree with the People, however, that defendant's challenges are academic because the sentence must be vacated on account of County Court's failure to properly pronounce the sentence during the sentencing proceeding (see generally People v Cleveland, 177 AD3d 1382, 1382-1383 [4th Dept 2019]).
CPL 380.20 provides that a court "must pronounce sentence in every case where a conviction is entered." That statutory requirement is "unyielding" (People v Sparber, 10 NY3d 457, 469 [2008]; see People v Belcher-Cumba, — AD3d &mdash, &mdash, 2022 NY Slip Op 00691, *1 [3d Dept 2022]; Cleveland, 177 AD3d at 1383). A violation of CPL 380.20 "may be addressed on direct appeal notwithstanding [any] valid waiver of the right to appeal or the defendant's failure to preserve the issue for appellate review" (Cleveland, 177 AD3d at 1383; see People v Guadalupe, 129 AD3d 989, 989 [2d Dept 2015]; see generally People v Fuller, 57 NY2d 152, 156 [1982]). "When the sentencing court fails to orally pronounce a component of the sentence, the sentence must be vacated and the matter remitted for resentencing in compliance with the statutory scheme" (Cleveland, 177 AD3d at 1383; see People v Petrangelo, 159 AD3d 1559, 1560 [4th Dept 2018]).
Here, although the certificate of conviction states that defendant was sentenced to a split sentence of a definite term of time served in jail and five years of probation, which is consistent with the sentencing promise made during the plea proceeding, the court failed to orally pronounce during the sentencing proceeding the definite term component of defendant's sentence as required by CPL 380.20 (see People v Brady, 195 AD3d 1545, 1546 [4th Dept 2021], lv denied 37 NY3d 970 [2021]; People v Tyrek M., 183 AD3d 915, 915-916 [2d Dept 2020]; Cleveland, 177 AD3d at 1383). We therefore modify the judgment by vacating defendant's sentence, and we remit the matter to County Court for resentencing (see Brady, 195 AD3d at 1546; Cleveland, 177 AD3d at 1383; Petrangelo, 159 AD3d at 1560). Upon remittal, the court should address defendant's assertion that her probationary term must be reduced by the period of time served in jail (see Penal Law
§§ 60.01 [2] [d]; 65.00 [2]; 70.30 [3]; People v Zephrin, 14 NY3d 296, 299-300 [2010]) and any objections to the conditions of probation (see generally § 65.10 [1]; People v Letterlough, 86 NY2d 259, 265 [1995]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court