People v Colon (2022 NY Slip Op 07381)

People v Colon

2022 NY Slip Op 07381

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

898 KA 19-01496

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYAN K. COLON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRYAN K. COLON, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 19, 2019. The judgment convicted defendant upon a jury verdict of burglary in the second degree (six counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences on counts one and two of the indictment run consecutively to each other and concurrently with the remaining counts and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of six counts of burglary in the second degree (Penal Law § 140.25 [2]). The conviction arises from six home burglaries.
Defendant contends in his main and pro se supplemental briefs that the evidence is legally insufficient to support his conviction of certain counts because the testimony of his accomplices was not supported by the requisite corroborative evidence (see CPL 60.22 [1]). That contention is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not
" 'specifically directed' at [that] alleged error" (People v Gray, 86 NY2d 10, 19 [1995]). In any event, the contention lacks merit (see People v Jacobs, 195 AD3d 1434, 1435 [4th Dept 2021], lv denied 38 NY3d 951 [2022]; see also People v Davis, 28 NY3d 294, 303 [2016]). Defendant further contends in his main brief that the evidence is legally insufficient to support the conviction because there is insufficient evidence that defendant was the perpetrator of the burglaries. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" that defendant was the perpetrator of the burglaries (People v Bleakley, 69 NY2d 490, 495 [1987]). The trial evidence included, inter alia, the testimony of defendant's two accomplices who implicated defendant in five of the burglaries, evidence regarding defendant's rental of various vehicles used in the commission of the burglaries, cell phone tower records establishing that defendant was in the vicinity of the homes at the time of the crimes, and testimony of neighbors of the homeowners who observed defendant or the rental vehicles near or at the burglarized homes. In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We further reject defendant's contention in his main brief that he was denied effective assistance of counsel (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). In [*2]particular, defense counsel was not ineffective based on his elicitation of allegedly damaging testimony in cross-examining one of defendant's accomplices and defense counsel's failure to object to testimony of the other accomplice regarding his motive to testify. Those contentions involve "simple disagreement[s] with strategies, tactics or the scope of possible cross-examination, weighed long after the trial," and thus are insufficient to establish ineffective assistance of counsel (People v Flores, 84 NY2d 184, 187 [1994]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). Contrary to defendant's additional claim, defense counsel was not ineffective for failing to object to certain comments made by the prosecutor during summation inasmuch as the prosecutor either did not engage in misconduct or any error did not deny defendant a fair trial (see People v Garrow, 171 AD3d 1542, 1546 [4th Dept 2019], lv denied 34 NY3d 931 [2019]; People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Moreover, defendant was not deprived of a fair trial by the cumulative effect of the errors allegedly committed by defense counsel.
We agree with defendant, however, that the aggregate sentence of imprisonment is unduly harsh and severe considering the disparity between the plea offer and the sentence of imprisonment imposed following trial (see People v Lewis-Bush, 204 AD3d 1424, 1427 [4th Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Boyd, 175 AD3d 1030, 1031-1032 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]). We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences on the first and second counts shall run consecutively to each other and concurrently with the sentences imposed on the remaining counts (see CPL 470.15 [6] [b]).
We have reviewed defendant's remaining contention in his pro se
supplemental brief and conclude that it lacks merit.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court