People v Bowman (2023 NY Slip Op 00607)

People v Bowman

2023 NY Slip Op 00607

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1046 KA 22-00078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAQUANTEA BOWMAN, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered January 5, 2022. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]), arising from defendant's fatal shooting of the victim on a street from the rear passenger side window of a vehicle. We affirm.
Initially, as defendant contends and the People correctly concede, defendant did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Murray, 197 AD3d 1017, 1017 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]). Contrary to defendant's contention, however, we conclude that the negotiated sentence is not unduly harsh or severe. Finally, defendant failed to preserve for our review his contention that County Court should have waived the mandatory surcharge, crime victim assistance fee, and DNA databank fee pursuant to CPL 420.35 (2-a) (see CPL 470.05 [2]; People v Shaw, 90 NY2d 879, 880 [1997]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court