People v McCutcheon (2023 NY Slip Op 04871)

People v McCutcheon

2023 NY Slip Op 04871

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

663 KA 19-00976

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TEVIN MCCUTCHEON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 27, 2019. The judgment convicted defendant upon a nonjury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's conviction stems from an incident in which he shot a man in the back of the head, killing him.
Defendant contends that he was denied effective assistance of counsel because defense counsel had an actual conflict of interest. "Under the state and federal constitutions, a criminal defendant is entitled to the effective assistance of counsel, defined as 'representation that is reasonably competent, conflict-free and singlemindedly devoted to the client's best interests' " (People v Ennis, 11 NY3d 403, 409-410 [2008], cert denied 556 US 1240 [2009]). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed . . . and, in such situations, reversal is required if the defendant does not waive the actual conflict" (People v Sanchez, 21 NY3d 216, 223 [2013]). Defendant contends that there was an actual conflict of interest based on defense counsel's mentoring relationship with the attorney representing defendant's accomplice, which defendant analogizes to conflicts arising from joint representation, and thus contends that County Court's failure to inquire and obtain defendant's waiver of the conflict requires reversal. We conclude that "defendant 'has not sustained his burden of establishing ineffectiveness, but that he is not precluded from raising this issue in a CPL article 440 proceeding that would permit further factual development of the circumstances pertaining to the claimed conflict' " (People v Brooks, 125 AD3d 1381, 1382 [4th Dept 2015], quoting Sanchez, 21 NY3d at 220; see People v Spencer, 191 AD3d 1331, 1332-1333 [4th Dept 2021], lv denied 37 NY3d 960 [2021]; People v Maltese, 148 AD3d 1780, 1783 [4th Dept 2017], lv denied 29 NY3d 1093 [2017]).
Defendant next contends that the evidence is legally insufficient to support the conviction because the testimony of the accomplice was not sufficiently corroborated. We reject that contention. Accomplice testimony must be corroborated by evidence "tending to connect the defendant with the commission of [an] offense" (CPL 60.22 [1]). Here, several witnesses provided testimony that " 'tend[ed] to connect . . . defendant with the commission of the crime in such a way as [could] reasonably satisfy the [factfinder] that the accomplice [was] telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see People v Lipford, 129 AD3d 1528, 1529 [4th Dept 2015], lv denied 26 NY3d 1041 [2015]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally [*2]People v Bleakley, 69 NY2d 490, 495 [1987]). On the record before us, the testimony adduced at trial, and any inconsistencies contained therein, "merely presented issues of credibility for the factfinder to resolve" (People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020], lv denied 35 NY3d 995 [2020]; see People v Withrow, 170 AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]), and we see no reason to disturb the court's credibility determinations here.
To the extent defendant contends that he was penalized for exercising his right to a trial, that contention is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Hendricks, 214 AD3d 1466, 1467 [4th Dept 2023], lv dismissed 40 NY3d 929 [2023]). In any event, it is without merit (see People v Roberts, 213 AD3d 1348, 1350-1351 [4th Dept 2023], lv denied 40 NY3d 930 [2023]; People v Becraft, 140 AD3d 1706, 1706 [4th Dept 2016], lv denied 29 NY3d 946 [2017]). Finally, the sentence is not unduly harsh or severe.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court