People v Long (2024 NY Slip Op 03292)

People v Long

2024 NY Slip Op 03292

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

404 KA 19-01406

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE L. LONG, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 1, 2018. The judgment convicted defendant upon a nonjury verdict of aggravated driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated, endangering the welfare of a child, criminal mischief in the fourth degree and attempted assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, aggravated driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2-a] [b]; 1193 [1] [c] [i] [B]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]) and driving while intoxicated (§§ 1192 [3]; 1193 [1] [b] [i]), defendant contends that the verdict is against the weight of the evidence with respect to the common element of operation of a motor vehicle. We reject that contention. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence,' we must afford great deference to the fact-finder's opportunity to view the witnesses, hear their testimony and observe their demeanor" (People v Friello, 147 AD3d 1519, 1520 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]; see People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, County Court did not fail to give the evidence the weight it should be accorded (see People v McCutcheon, 219 AD3d 1698, 1700 [4th Dept 2023], lv denied 40 NY3d 1040 [2023]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court