People v Gause (2024 NY Slip Op 04686)

People v Gause

2024 NY Slip Op 04686

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

622 KA 23-00986

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHELLE M. GAUSE, DEFENDANT-APPELLANT. 

FELDMAN AND FELDMAN, MANHASSET (STEVEN A. FELDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered January 11, 2023. The judgment convicted defendant upon a jury verdict of robbery in the first degree, assault in the first degree and conspiracy in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Steuben County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [1]), assault in the first degree (§ 120.10 [1]), and conspiracy in the fourth degree (§ 105.10 [1]). Defendant contends that the evidence is legally insufficient because the testimony of her boyfriend and the victim was incredible, she was merely present when the crimes were committed and did not intend to assault or rob the victim, her boyfriend's testimony was not adequately corroborated, and she renounced her participation in the conspiracy. Defendant's contention is not preserved for our review inasmuch as her motion for a trial order of dismissal was not " 'specifically directed' at [those] alleged error[s]" (People v Gray, 86 NY2d 10, 19 [1995]; see People v Johnson, 225 AD3d 1115, 1116 [4th Dept 2024]; People v Colon, 211 AD3d 1613, 1614 [4th Dept 2022], lv denied 39 NY3d 1141 [2023]). In any event, we conclude that defendant's contention is without merit.
First, the testimony of defendant's boyfriend and the victim was not incredible as a matter of law, that is, their testimony "was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Krista M.G., 228 AD3d 1300, 1302 [4th Dept 2024] [internal quotation marks omitted]; see People v Rojas-Aponte, 224 AD3d 1264, 1265 [4th Dept 2024]). Second, this is not a case where the evidence established only defendant's mere presence at the scene of the crimes (cf. People v Ramos, 218 AD3d 1113, 1114-1115 [4th Dept 2023]; see generally People v Cabey, 85 NY2d 417, 421 [1995]). The victim testified that he exchanged text messages with defendant, asking whether she had any girlfriends "that wanted to catch a buzz and hang out." According to the victim's testimony, defendant indicated that she had a friend who would do that, and they arranged for defendant and her friend to pick up the victim. Meanwhile, according to the testimony of defendant's boyfriend, whom she had been dating for about a month prior, defendant said that the victim had propositioned her to have sex with him in exchange for drugs and that the victim had previously raped her, which enraged the boyfriend. The boyfriend testified that he, defendant, her friend, and a second man came up with a plan to kill the victim, and that the four drove out to a road where the boyfriend and the second man, both armed with knives, exited the vehicle. In addition, the testimony of the victim and the boyfriend established that defendant and her friend then picked up the victim and drove him to the same location where the boyfriend and the second man were waiting. The testimony further established that the boyfriend and the second man robbed and cut the victim before fleeing the scene. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 [*2]NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant had "a shared intent, or 'community of purpose' with the principal[s]" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016]; see Cabey, 85 NY2d at 421), and that she "intentionally aided the principal[s] in bringing forth [the] result" (People v Kaplan, 76 NY2d 140, 146 [1990] [emphasis omitted]; see People v Spencer, 181 AD3d 1257, 1258 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]; cf. People v Nelson, 178 AD3d 1395, 1396 [4th Dept 2019], lv denied 35 NY3d 972 [2020]).
Third, it is well settled that "[a]ccomplice testimony must be corroborated by evidence 'tending to connect the defendant with the commission of [an] offense' " (People v McCutcheon, 219 AD3d 1698, 1699-1700 [4th Dept 2023], lv denied 40 NY3d 1040 [2023], quoting CPL 60.22 [1]). Here, the non-accomplice testimony, including the testimony of the victim, " 'ten[ded] to connect the defendant with the commission of the crime[s] in such a way as [could] reasonably satisfy the jury that the accomplice [was] telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see McCutcheon, 219 AD3d at 1700). Fourth, "[t]he affirmative defense of renunciation requires a defendant to meet an initial burden of establishing, by a preponderance of the evidence . . . , that [the defendant] 'withdrew from participation in such offense prior to the commission thereof and made a substantial effort to prevent the commission thereof' " (People v Brewer, 118 AD3d 1409, 1412 [4th Dept 2014], lv denied 24 NY3d 1082 [2014] [emphasis omitted], quoting Penal Law § 40.10 [1]). Here, there was testimony that defendant shouted to the boyfriend as he was struggling with the victim to stop and return to the car, but that did not constitute a renunciation inasmuch as there was no withdrawal from participation prior to the commission of the crimes (see generally People v Sanford, 148 AD3d 1580, 1582 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; People v Stevens, 65 AD3d 759, 762-763 [3d Dept 2009], lv denied 13 NY3d 839 [2009]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that County Court erred in instructing the jury with respect to accomplice testimony. The court instructed the jurors that they were to determine whether the boyfriend was an accomplice and, if so, that they would need to find that his testimony was corroborated by other evidence tending to connect defendant to the commission of the crimes. Defendant contends that the court should have charged the jury that the boyfriend was an accomplice as a matter of law. Defendant's contention, however, is not preserved for our review (see People v Lipton, 54 NY2d 340, 351 [1981]; People v Ortiz, 194 AD3d 1351, 1351 [4th Dept 2021], lv denied 37 NY3d 994 [2021]). In any event, as explained above, the boyfriend's testimony was sufficiently corroborated (see People v Elder, 108 AD3d 1117, 1117 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]; People v Peoples, 66 AD3d 1419, 1419 [4th Dept 2009], lv denied 14 NY3d 843 [2010]). Defendant also failed to preserve for our review her further contention that the court erred in allowing evidence of flight and failing to instruct the jury on the limited use of that evidence (see People v Jones, 213 AD3d 1279, 1279-1280 [4th Dept 2023], lv denied 39 NY3d 1155 [2023]; People v Keating, 183 AD3d 595, 597 [2d Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Wilson, 34 AD3d 1276, 1276 [4th Dept 2006], lv denied 8 NY3d 886 [2007]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, the court properly denied her request for a missing witness instruction with respect to her friend and the second man who, as noted above, were present at the scene of the crimes. Defendant failed to meet her burden of establishing that the witnesses would naturally be expected to provide testimony favorable to the People (see People v Hirji, 185 AD3d 1053, 1054 [2d Dept 2020]; People v Crowder, 96 AD3d 515, 516 [1st Dept 2012]; see generally People v Smith, 33 NY3d 454, 458-459 [2019]). Indeed, as accomplices, their testimony "would have been presumptively suspect . . . or subject to impeachment detrimental to the People's case" (People v Spagnuolo, 173 AD3d 1832, 1833 [4th Dept 2019], lv denied 34 NY3d 954 [2019] [internal quotation marks omitted]).
We reject defendant's contention that the court erred in denying, after a hearing, her [*3]application to be sentenced pursuant to Penal Law § 60.12 (see generally Krista M.G., 228 AD3d at 1301-1302; People v Vilella, 213 AD3d 1282, 1283 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]). Defendant did not establish by a preponderance of the evidence that "substantial physical, sexual or psychological abuse
. . . was a significant contributing factor to [her] criminal behavior" (§ 60.12 [1]; cf. People v Addimando, 197 AD3d 106, 116-117 [2d Dept 2021]).
As defendant contends and the People correctly concede, however, the court erred in failing to "pronounce sentence on each count" of the conviction (CPL 380.20; see People v Brady, 195 AD3d 1545, 1546 [4th Dept 2021], lv denied 37 NY3d 970 [2021]). Although the uniform sentence and commitment form states that defendant was sentenced on each count to concurrent terms of incarceration of five years with three years of postrelease supervision, the court in fact did not "impose a sentence for each count of which defendant was convicted" (People v Bradley, 52 AD3d 1261, 1262 [4th Dept 2008], lv denied 11 NY3d 734 [2008]; see CPL 380.20). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. In light of our determination, we do not address defendant's contention regarding the severity of the sentence.
We have examined defendant's remaining contentions and conclude that they do not warrant further modification or reversal of the judgment.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court