People v Nateonna R. (2025 NY Slip Op 01757)

People v Nateonna R.

2025 NY Slip Op 01757

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

816 KA 23-00976

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATEONNA R., DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 14, 2022. The judgment convicted defendant upon a guilty plea of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that her waiver of the right to appeal is invalid, that Supreme Court erred in declining to sentence her under the Domestic Violence Survivors Justice Act (DVSJA) (see § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1), and that inflammatory statements by the prosecutor deprived her of a fair DVSJA hearing. Assuming, arguendo, that the waiver of the right to appeal does not encompass defendant's contentions regarding sentencing under the DVSJA and the statements made by the prosecutor, we conclude that defendant's contentions are without merit.
Pursuant to the DVSJA, a court may apply an alternative sentencing scheme where it determines, upon a preponderance of the evidence following a hearing, that "(a) at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant as such term is defined in [CPL 530.11 (1)]; (b) such abuse was a significant contributing factor to the defendant's criminal behavior; [and] (c) having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, that a sentence of imprisonment pursuant to [Penal Law §§ 70.00, 70.02, 70.06 or 70.71 (2) or (3)] would be unduly harsh" (Penal Law § 60.12 [1]; see People v Wendy B.-S., 229 AD3d 1317, 1319 [4th Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Addimando, 197 AD3d 106, 112 [2d Dept 2021]). Here, defendant "did not establish by a preponderance of the evidence that 'substantial physical, sexual or psychological abuse . . . was a significant contributing factor to [her] criminal behavior' " (People v Gause, 230 AD3d 1573, 1576 [4th Dept 2024]; see People v Vilella, 213 AD3d 1282, 1283 [4th Dept 2023], lv denied 39 NY3d 1157 [2023]).
We also reject defendant's contention that prosecutorial misconduct deprived her of a fair hearing. Any inappropriate or inflammatory comments made by the prosecutor did not contribute to the outcome because there was no jury at the DVSJA hearing, and a court serving as the factfinder is "deemed uniquely capable of distinguishing those issues properly presented to [it] from those not" (People v Dixon, 50 AD3d 1519, 1520 [4th Dept 2008], lv denied 10 NY3d 958 [2008] [internal quotation marks omitted]; see People v King, 111 AD3d 1345, 1346 [4th Dept 2013], lv denied 23 NY3d 1022 [2014]; People v Pruchnicki, 74 AD3d 1820, 1822 [4th Dept 2010], lv denied 15 NY3d 855 [2010]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court